CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 25 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY MICHAEL THORNBURG, | ) | CASE NO. 7:14CV00605 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BRISTOL VA CITY JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Larry Michael Thornburg, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Thornburg alleges that he slipped in water from a leaky toilet at the Bristol City Jail ("the jail"), fell, and broke his hand. He asserts that because jail officials had known for months that the toilet had been leaking, the jail wrongfully charged him for part of the cost of medical care he received for his hand. He seeks reimbursement for such costs and compensation for pain and suffering. Upon review of the record, however, the court finds that the action must be summarily dismissed as legally frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The jail, as the only defendant Thornburg has named in this action, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71

(1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983).

Because Thornburg cannot prevail in a § 1983 claim against the jail, the court dismisses his complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of November, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

---

[1] The court also finds that Thornburg's current allegations fail to state a constitutionally significant claim against anyone at the jail. Possible negligence by officials, in failing to repair or replace the toilet or to take other safety precautions, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).